THE BOARD OF COMMISSIONERS OF SUMNER COUNTY v.
L. H. SIMMONS.

1. COUNTY SURVEYOR — *Compensation* — *Evidence.* In order that a county surveyor may recover compensation from the county for keeping his office open for the convenience of the public more than one day in each week, he must show that some actual and specific necessity existed for his so keeping it open, and that it was in fact so kept open because of that specific necessity.

2. KEEPING OFFICE OPEN, *Necessity for.* Under § 13, chapter 89, of the Laws of 1891, a county surveyor cannot keep his office open, by himself or deputy, substantially all the time, and recover from the county $4 per day therefor, merely by testifying himself that it was necessary for the convenience of the public that it should be so kept open, without showing any particular necessity therefor.

*Error from Sumner District Court.*

ACTION by *Simmons* against the *County Board* to recover compensation as county surveyor. Plaintiff had judgment, and defendant comes here. The facts appear in the opinion.

*C. J. Garver*, county attorney, and *James Lawrence*, for plaintiff in error:

The contention of the defendant in error is that he can keep his office open six days in each week, and charge the county therefor at the rate of $4 per day, being $24 per week. The plaintiff in error claims that such a construction is not to be placed upon § 13 of chapter 89 of the Laws of 1891. We contend that the section is not mandatory in any particular, and is only permissive, and that the permission is limited to one day in each week, and then it is kept open for the convenience of the public for making plans. The court will observe in said § 13 that there is no punctuation mark or anything to indicate that the word "week" shall be the end of a sentence, and the next word following, "for," shall be the commencement of another sentence. The whole must be read as printed, as follows, " . . . and for keeping his office open for the convenience of the public for at least one day in each week for making plans, . . ." The comma following the word "plans" plainly indicates that the office may be kept open at least one day in the week for making plans. This is the only construction that can be put upon this sentence.

The plaintiff below tried tried the case upon the theory that, if he was of the opinion that his office should be kept open during every day in the week for the convenience of the public, and he did keep it open, regardless of the fact whether he was engaged in working for anyone else or for the county, and for which he was receiving pay at the same time, and regardless of the fact whether any person came into his office or not, that he was entitled to receive $4 per day from the county; or, in other words, that if the office was open he was and is entitled to have $4 per day for it.

*Herrick & Davidson,* and *W. W. Schwinn,* for defendant in error:

Punctuation is no part of a statute, and we cite in support of the rule *Hammock v. Loan and Trust Co.,* 105 U. S. 84,

and authorities there cited; and *Hamilton v. Steamboat " R. B. Hamilton,"* 16 Ohio St. 433.

But counsel for plaintiff in error contend that the provision is limited to one day in each week. If the legislature intended to limit the number of days for which a surveyor might receive pay for keeping his office open to one day in each week, it was certainly very unfortunate in the use of language to express such intention. If the intention was to limit the number to one day in each week, such intention would have been carried out to the letter by leaving out of said §13 the words "at least" just preceding the words "one day," and that part of said section under consideration in this case would then read as follows: "And for keeping his office open for the convenience of the public for one day in each week," etc. If the words "at least" had been left out of said section, there could have been no doubt but that the legislature intended that the county surveyor should be required to keep his office open one day in each week, and should receive pay for only one day in each week for the performance of that duty.

The construction most unfavorable to defendant in error, which could reasonably be placed on § 13, would be to construe it to mean that the surveyor can only recover for keeping his office open for the convenience of the public for such time (over and above the one day in each week) as he shall show by proper evidence has been actually and necessarily employed by him in the performance of that duty. Now, the evidence shows beyond any question, that in this case the time charged for was actually and necessarily employed by the surveyor or his deputy in the performance of a duty enjoined upon him by law, and therefore he is entitled to recover, even under this construction of the statute.

The opinion of the court was delivered by

ALLEN, J.: A single question of law is presented for determination in this case, viz.: For what time may a county

surveyor recover for keeping his office open, under § 13, page 158, of the Laws of 1891? This section reads as follows:

"For taking the variation of the magnetic needle and recording and making the report of the same, for making and recording all calculations of areas of land required by law, for the necessary attendance at the regular meetings of the board of county commissioners, when required by the board, and for keeping his office open for the convenience of the public for at least one day in each week for making plans, specifications, superintending or inspecting public work under this act, the county surveyor shall receive the same fees as allowed for making surveys, which fees shall be paid out of the county treasury quarterly, upon the order of the board of county commissioners."

Before the passage of this act, the compensation of county surveyors was fixed by § 27 of chapter 39 of the General Statutes, which reads as follows:

"The county surveyor shall receive $4 per day for the time actually and necessarily employed in going to and making a survey and returning to his office. For copy of plat of land or certificate of survey, $2; making out complete report in all surveys made by authority for county or township, $2; for recording surveys, per folio, 20 cents."

The defendant in error is county surveyor of Sumner county. He filed with the county clerk bills against Sumner county for the three first quarters of the year 1892, in which he charged the county for "keeping the office of the county surveyor of Sumner county, Kansas, open for the convenience of the public, as provided by law, the following days." Then follows a list of dates in each month, amounting to 78 days in the first quarter, 68 in the second, and 76 in the third. The board of commissioners allowed one day each week, and disallowed the balance of the bill. Appeals were taken to the district court, and the three cases were tried and determined together. It is contended on the part of the plaintiff that he is entitled to compensation at the rate of $4 per day for such time as he may keep his office open for the convenience of the public; and while, in the argument in this court, counsel for the defendant in error seems inclined to admit that he can

only recover for the time during which the office was actually and necessarily kept open, yet the record clearly shows that the case was tried in the district court on the theory that the plaintiff had the right to judge as to the necessity for keeping the office open, and might recover for such time as in his judgment such necessity existed.

On the other hand, plaintiff in error contends that the punctuation of the section requires that we shall construe it to mean that he may recover only for keeping his office open for the convenience of the public for at least one day in each week for making plans. On the trial, this construction of the statute seems to have been adhered to by counsel for the county. The language chosen by the legislature does not seem to be the most apt that could have been selected, and the meaning of the section first quoted is by no means clear. It will be observed that the act of 1891 does not fix the rate of compensation, but simply provides that the surveyor, for the services required to be performed by that act, shall receive the same fees as allowed for making surveys. In order to determine what those fees are, we must recur to § 27, chapter 39, of the General Statutes of 1889, fixing the surveyor's compensation. From that section we perceive that he is entitled to $4 per day for the time actually and necessarily employed. Construing the two sections together, then, we think the rule sought to be expressed by the legislature would read as follows: "The county surveyor shall receive $4 per day for the time actually and necessarily employed in keeping his office open for the convenience of the public, and this shall be at least one day in each week." We do not perceive any force in the contention of counsel for the plaintiff in error, that it must be for the convenience of the public for making plans. We think the clearly-expressed sense of the section is, that he is entitled to pay for making plans, specifications, superintending and inspecting works under the act, at the same rate as allowed for making surveys. A mere matter of punctuation is never allowed to overturn the meaning of a law, when that meaning clearly appears from the context. The legislature undoubtedly

intended that the county surveyor should keep his office open at least one day in each week for the convenience of the public, and that he should receive $4 a day therefor. Did it intend that he might keep it open, by himself or deputy, as many more days as in his judgment the convenience of the public might require? It is contended that the convenience of the public in a large and populous county requires that the records in his office should be open for inspection most of the time. The public business of this state has gone on for more than 30 years without county surveyors having ever been required to keep their offices open for any particular length of time, and without any compensation whatever to them for the time they have in fact kept them open. Is it possible that the legislature intended to make so marked a change in the law, or that so great a necessity as the plaintiff's bills in this case would indicate be considered existing in Sumner county, had been entirely overlooked by all preceding legislatures? The district court evidently went on the theory that the statements on the witness stand of the county surveyor and his deputy that it was necessary for the convenience of the public that the office should be kept open on any given 2. Keeping office open, necessity for. day were sufficient evidence of that fact to uphold a finding in his favor. We do not think that the legislature intended that any such construction should be placed on this section, but we think it intended that he should keep the office open one day in each week, and be paid $4 therefor, and that if he can show that it was actually necessary for the convenience of the public that the office should be kept open more than one day, and that he did so keep it open, he may recover therefor. The necessity for which the county surveyor may recover is not a necessity resulting merely from his own reasoning on the needs of the public to have access to his office, but it must be some definite, specific 1. County surveyor—compensation—evidence. necessity, which he can show by evidence to exist, and he must show specifically what particular necessity occasioned his keeping his office open on any day in a given week in excess of the one day provided

for by the statute, and that, in order to provide for that particular necessity, he did in fact keep his office open, before he can recover. Of the existence of this necessity the board of county commissioners must judge when it passes on his bill; and if an appeal from its decision be had, the necessity must be judicially determined to exist by the court or jury before a judgment can be entered in his favor therefor. Any other construction than this, it seems to us, would be practically equivalent to giving all county surveyors a salary of $4 per day.

On the trial, no definite necessity was shown by the plaintiff for his having kept his office open on any of the dates given in his bill, nor is there any showing that all of the business which was in fact transacted in his office during all of the time charged for could not have been done during one day of each week. We think the evidence wholly fails to sustain the finding of the trial court.

The judgment will be reversed, and a new trial ordered.

All the Justices concurring.